UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON C. GREEN,

    Petitioner,

v.                                                     Case No.: 8:18-cv-2860-T-27AAS
                                                     Criminal Case No.: 8:17-cr-96-T-27AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Green's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his memorandum in support (cv Dkt. 2), and the United States' Response (cv Dkt. 8). Upon review, Green's § 2255 motion is **DENIED.**

## BACKGROUND

In 2017, Green was indicted and charged with one count of possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (cr Dkt. 8). Following the denial of a motion to suppress evidence, Green pleaded guilty to the one count pursuant to a written plea agreement. (cr Dkts. 21, 46, 48, 50).

According to the stipulated factual basis in the plea agreement, law enforcement responded to a report of a gunshot and encountered Green, who was covered in blood outside a house. (cr Dkt. 50 at 19-20). He claimed that his girlfriend had been shot and he had taken her to the hospital. (Id. at 20-21). He further stated that in the past he dealt and used drugs. (Id. at 21). While

investigating the shooting, officers noticed the odor of marijuana emanating from the house. (Id. at 22).[1]

With officers still on scene, the United States Postal Service delivered a package to the house. (Id. at 24). A drug-sniffing dog alerted to the package and Green's vehicle. (Id.). The officers found approximately 3.5 ounces of methamphetamine in the package. (Id.). They also searched the house, finding approximately four ounces of cocaine and 6.5 kilograms of marijuana, digital scales, a food saver and bags, a bullet in the wall, and items linking Green to the house. (Id. at 24-26).

Green also agreed to the factual basis at his change of plea hearing. (cr Dkt. 78 at 18-19). Additionally, he confirmed that he fully discussed with his counsel the charges, facts, evidence, all options to resolve his case, and the plea agreement, and was satisfied with counsel's advice and representation. (Id. at 5-7). He further stated that he was pleading guilty freely and voluntarily and denied being threatened or coerced to enter his plea. (Id. at 9-10). He understood that he faced a maximum sentence of 30 years imprisonment[2] and that the recommendations in the plea agreement were not binding on the Court. (Id. at 9-11, 14). He further understood the elements of the offense to which he was pleading guilty and that by pleading guilty he was giving up constitutional rights,

---

[1] Green was told that law enforcement planned to perform a gunshot residue test on his hands to determine whether he had recently shot a gun. (Id. at 23). He said he would test positive because he had fired a gun a day or so before. (Id.). When the detective told him that the test would not be positive if he fired a gun that long ago, Green maintained that he would test positive. (Id.). The test was administered and confirmed that Green had gunshot residue on his hands. (Id.).

At the change of plea hearing, Green maintained that he did not tell the detective he had fired a gun the day before (cr Dkt. 78 at 18), and he initially objected to the statement's inclusion in the presentence investigation report (PSR) (cr Dkt. 60 at 36-37). That objection was later withdrawn. (cr Dkt. 76 at 14-16). It is, in any event, irrelevant to his motion.

[2] With two prior felony drug convictions, Green faced an enhanced maximum penalty under 21 U.S.C. §§ 851 and 841(b)(1)(C). *See* (cr Dkt. 13).

including the right to a jury trial. (Id. at 14-17). The Court found that Green entered the guilty plea voluntarily, knowingly, and intelligently, and the plea was accepted. (Id. at 20; cr Dkts. 55, 56).

The PSR reflected that Green qualified as a career offender under USSG §4B1.1, since his offense of conviction was a controlled substance offense and he had two prior Florida state felony convictions for crimes of violence: (1) resisting an officer with violence; and (2) robbery. (cr Dkt. 60 ¶¶ 39, 57, 60; cv Dkts. 8-2, 8-3). Due to his status as a career offender and reductions for acceptance of responsibility, Green faced a total offense level of 31, a criminal history category of VI, and an advisory guidelines range of 188-235 months. (cr Dkt. 60 ¶¶ 43, 63, 64, 135).

Prior to sentencing, the United States objected to the lack of a two-level increase for possession of a firearm during the offense. (Id. at 36). Green's counsel opposed the objection. (Id.). Green further denied knowledge of the methamphetamine delivered to the house and objected to its inclusion in calculating the total drug quantity, although counsel acknowledged that the objection would not affect the sentencing range. (Id. at 37).

Green's counsel also filed a sentencing memorandum requesting a downward departure based on the purported overrepresentation of Green's criminal history and a variance with a sentence of ten years. (cr Dkt. 63 at 2-6). Green further withdrew his objection denying knowledge of the methamphetamine delivered to the house. (Id. at 5).

After hearing testimony at sentencing, the Court overruled the United States' objection relating to the absence of a firearm enhancement. (cr Dkt. 76 at 12). Green's counsel also "confirmed the legitimacy" of the convictions supporting the career offender designation. (Id. at 18-19). His counsel nonetheless contended that reliance on the prior convictions was "unfair" and a downward departure was warranted because the prior offenses had occurred years earlier. (Id. at

19-22). The Court found that Green was properly designated as a career offender and that a downward departure was unwarranted. (Id. at 22-23). After consideration of the section 3553(a) factors, Green was sentenced to 144 months imprisonment. (Id. at 35-38). He did not appeal.[3] (cv Dkt. 1 at 2).

In his timely § 2255 motion, Green raises three ineffective assistance of counsel claims relating to the career offender enhancement. (cv Dkts. 1, 2). The United States responds that the claims are without merit. (cv Dkt. 8). The Court agrees.

**STANDARD**

To establish ineffective assistance of counsel, Green must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range

---

[3] The plea agreement included an appeal waiver in which Green waived

> the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [he] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(cr Dkt. 50 at 16-17 (emphasis in original)).

of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

**DISCUSSION**

Because Green cannot demonstrate that his counsel's performance was constitutionally deficient or that he was prejudiced as a result of any deficient performance, his ineffective assistance of counsel claims fail. Moreover, any claims relating to his sentence that he raises independent of his ineffective assistance of counsel claims are not cognizable in a § 2255 proceeding. *See Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (concluding that on a § 2255 motion a prisoner may challenge a sentencing error "when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated"). An evidentiary hearing is unnecessary.[4]

*Ground One*

In Ground One, Green contends "[c]ounsel was [i]neffective when failing to argue that resisting arrest with violence under Fla. Stat. § 843.01 was not a "crime of violence" defined within USSG § 4B1.2(a)(1) in light of *Johnson I*, *Moncrieffe*, *and Johnson v. State*, 50 So. 529, 530 (Fla. 1909)." (cv Dkt. 2 at 3). His contention is without merit.

Green was sentenced under the 2016 sentencing guidelines, which provided that a defendant qualifies as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of

---

[4] An evidentiary hearing is not required, since the § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a) (2016); (cr Dkt. 60 ¶ 31). A crime of violence is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery . . . ." USSG § 4B1.2(a) (2016).

In 2005, Green was convicted of resisting an officer with violence, a felony, in violation of Fla. Stat. § 843.01. (cv Dkt. 8-2). The crime's elements include "knowingly and willfully resist[ing], obstruct[ing], or oppos[ing] any officer . . . by offering or doing violence to the person of such officer." Fla. Stat. § 843.01 (2004). Violence is therefore a necessary element of the offense, and the statute's requirement that the defendant "'do[] violence' . . . plainly involves the use of . . . physical force or violence." *United States v. Romo-Villalobos*, 674 F.3d 1246, 1249 (11th Cir. 2012) (citations omitted); *see also United States v. Hill*, 799 F.3d 1318, 1320 (11th Cir. 2015) (violation of Fla. Stat. § 843.01 qualifies as a "crime of violence" under the Armed Career Criminal Act's elements clause).[5] This holding has been affirmed after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Fitzgerald*, 743 F. App'x 971, 972 (11th Cir. 2018). Green cites no authority from this Circuit holding otherwise.

Because Green's prior conviction of resisting an officer with violence constitutes a predicate offense to support his career offender enhancement, any objection to the career offender

---

[5] The Eleventh Circuit has held that "because the definitions of 'violent felony' under ACCA and 'crime of violence' under § 4B1.2(a) are virtually identical," courts can consider cases interpreting one as authority in cases interpreting the other. *Robinson v. United States*, 441 F. App'x 709, 710 (11th Cir. 2011) (citation omitted).

enhancement on this basis would have been without merit. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim."). Accordingly, Green cannot demonstrate deficient performance or resulting prejudice, and the claim is due to be denied.

***Ground Two***

In Ground Two, Green contends "[c]ounsel was ineffective when failing to argue that robbery under Fla. Stat. § 812.13 was not a 'crime of violence' defined with § 4B1.2(a)(1)." (cv Dkt. 2 at 7). This contention is likewise without merit.

In 2000, Green was convicted of robbery, a felony, in violation of Fla. Stat. § 812.13. (cv Dkt. 8-3). In Florida, robbery requires taking money or other property "from the person or custody or another . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1) (1999). The career offender guideline identifies robbery as an "enumerated" offense, and the Eleventh Circuit has held that Florida robbery qualifies as a crime of violence. *See, e.g.*, *United States v. Martinez*, No. 17-12530, 2018 WL 6568068, *2 (11th Cir. Dec. 13, 2018); *United States v. Lockley*, 632 F.3d 1238, 1242-45 (11th Cir. 2011). Green cites no authority from this Circuit holding otherwise.

Because Green's prior conviction of robbery qualifies as a predicate offense to support the career offender enhancement, any objection to the career offender enhancement on this basis would have been without merit. *See Freeman*, 536 F.3d at 1233. Accordingly, Green cannot demonstrate deficient performance or resulting prejudice, and the claim is due to be denied.

*Ground Three*

In Ground Three, Green contends "[c]ounsel was ineffective when failing to argue that [his] Due Process Rights were violated in classifying [him] as a career offender under USSG § 4B1.1, where his instant Title 21 U.S.C. § 841(a) offense was not categorically a federal felony offense as held in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) and *Mathis v. United States*, 136 S. Ct. 1338 (2016)." (cv Dkt. 2 at 13). He appears to reason that because 21 U.S.C. § 841(a) does not include a penalty provision, a violation of the statute is not a qualifying controlled substance offense to trigger a career offender enhancement. (Id. at 13-21). His contention, however, is without merit.

Green was charged with, pleaded guilty to, and was adjudicated guilty of possession with intent to distribute marijuana and cocaine, a felony, in violation of § 841(a) and § 841(b)(1)(C). (cr Dkts. 8, 50, 65 (citing both sections)). And he fails to cite any authority finding that a violation of § 841 does not qualify as a controlled substance offense. Rather, courts have found that such a violation "seems to be the quintessential controlled substance offense." *See Early v. United States*, No. 3:15-cv-487-J-34JBT, 2018 WL 1618040, *4 (M.D. Fla. Apr. 4, 2018); *see also United States v. Evans*, 358 F.3d 1311, 1312 (11th Cir. 2004) (finding that attempt to distribute cocaine under §§ 846 and 841(a)(1) qualifies as a "controlled substance offense").

Accordingly, Green's conviction of possession with intent to distribute marijuana and cocaine constituted a controlled substance offense to trigger the career offender enhancement, and

his counsel was not ineffective in failing to raise a meritless argument. In the absence of deficient performance and resulting prejudice, Green's final claim fails.[6]

### *Certificate of Appealability ("COA")*

Green is not entitled to a COA. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Green has not met the standard. Because he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

### **CONCLUSION**

Petitioner Green's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment in favor of the United States and against Green, and to **CLOSE** the case.

**DONE AND ORDERED** this 3rd day of April, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

---

[6] To the extent Green asserts that his alleged misclassification as a career offender violated due process, the claim is not cognizable and, in any event, without merit for the reasons discussed. *See Spencer*, 773 F.3d at 1138-41.